UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 17-cv-20393-WCT

YUNISLEYDIS MOYA VEGA,

    Plaintiff,

v.

36TH STREET TWO, LLC d/b/a HILTON GARDEN
INN MIAMI AIRPORT WEST

    Defendant(s)
_____/

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, 36th Street Two, LLC d/b/a/ HILTON GARDEN INN MIAMI AIRPORT WEST ("Defendant"),1 by and through undersigned counsel, hereby files this answer to each consecutively numbered paragraph of the Complaint filed by Plaintiff, YUNISLEYDIS MOYA VEGA ("Plaintiff"), as follows:

### PARTIES, JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports to bring this action under this Court's federal questions jurisdiction; however, Defendant denies that Plaintiff is entitled to any relief whatsoever.

2. Defendant is without knowledge of the allegations regarding Plaintiff's residency. The remaining allegations are conclusions of law to which no response is due. To the extent Defendant needs to respond, Defendant states that Plaintiff was an employee for a period of time with Economos Properties.

---

1 Economos Properties owns and operates the Hilton Garden Inn where Plaintiff was employed.

3. Defendant is without knowledge of the allegations, as phrased, in paragraph 3 of the Complaint. Defendant, nonetheless, admits that Economos Properties is a Florida corporation and has engaged in business in Miami-Dade County, Florida. The remaining allegations are conclusions of law to which a response is not required. To the extent Defendant must respond, Defendant states that Plaintiff was an employee for a period of time with Economos Properties.

4. The allegations in paragraph 4 of the Complaint are conclusions of law to which a response is not required. To the extent Defendant must respond, Defendant is without knowledge of the allegations and further states that Plaintiff is not entitled to any relief whatsoever.

5. Defendant admits that a Notice of Right to Sue was provided by the EEOC. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff was hired to work at the Hilton Garden Inn in July, 2013 as a full-time housekeeper. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint, as phrased.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits that sometime in 2015 it learned that Plaintiff was pregnant and that her doctor had placed her on home rest for a limited number of days. Defendant is without knowledge of the remaining allegations contained in paragraph 9 of

the Complaint.

10. Defendant admits that Plaintiff advised Maria Cancino, Coleen Osborn and Chris La Fontaigne of the 5 pound lifting requirements set by her doctor. Defendant further states that it was not possible to reasonably accommodate Plaintiff. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant states that it was not possible to reasonably accommodate Plaintiff. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant states that it was not possible to reasonably accommodate Plaintiff. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

## COUNT I
## SEX AND PREGNANCY DISCRIMINATION

15. Defendant reaffirms and re-alleges its answers to Paragraphs 1 through 14 as if stated herein in full.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the

Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint, including the requests for relief in the "Wherefore" clause of the Complaint.

## COUNT II
## ADA – DISABILITY/PERCEIVED DISABILITY DISCRIMINATION AND FAILURE TO ACCOMODATE

21. Defendant reaffirms and re-alleges its answers to Paragraphs 1 through 14 as if stated herein in full.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint, including the requests for relief in the "Wherefore" clause of the Complaint.

## COUNT III
## FCRA – HANDICAP DISCRIMINATION AND FAILURE TO ACCOMMODATE

30. Defendant reaffirms and re-alleges its answers to Paragraphs 1 through 14 as if stated herein in full.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint, including the requests for relief in the "Wherefore" clause of the Complaint.

## **AFFIRMATIVE DEENSES**

As separate defenses and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants alleges as follows:

1. Upon information and belief, Plaintiff's Complaint, in whole or in part, fails to state a claim against Defendants upon which relief can be granted.

2. Plaintiff did not have a disability has defined under the ADA or the FCRA and/or was not regarded as having any such disability.

3. Plaintiff could not be reasonably accommodated for her alleged disability without an undue burden.

4. Plaintiff has failed to adequately mitigate her damages in this cause including the fact that she was offered to return to work when she was able to do so without the restrictions and limitations, but Plaintiff failed to do so.

5. Plaintiff did not request a reasonable accommodation that would have allowed her to perform the essential functions of her job.

6. Plaintiff is unable to establish a prima facie case of pregnancy disability or disability under the ADA and/or FCRA.

7. Defendant had a legitimate business reason for terminating Plaintiff's employment including that she could not be reasonably accommodated without an undue burden to Defendant.

8. Plaintiff is unable to establish a pretext for the employment decision at issue; particularly, the fact that with Plaintiff's limitations and restrictions, and her job abilities and skills, along with the business needs and requirements of Defendant, there was no alternative position available for Plaintiff that Defendant could reasonably provide to her during the relevant time period.

9. WHEREFORE, Defendants respectfully request entry of judgment on their affirmative defenses in their favor against Plaintiff and an award of costs, and such other relief that this Court deems just and equitable.

DATED this 24TH day of April, 2017

                Respectfully submitted,

             By: /s/ Sherril M. Colombo
               Sherril M. Colombo, Esq.
               Florida Bar No. 948799
               Email: SColombo@littler.com
               Lindsay M. Alter, Esq.
               Florida Bar No. 103237
               Email: LAlter@littler.com
               LITTLER MENDELSON, P.C.
               Wells Fargo Center
               333 SE 2nd Avenue
               Suite 2700
               Miami, FL 33131
               Telephone: 305.400.7500
               Facsimile: 305.603.2552

             *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2017, I electronically filed the foregoing with the Clerk of the Court by using the by using the E-File system and a correct copy of the foregoing has been furnished via E-mail to:

        **COUNSEL FOR PLAINTIFF**
        Corona Law Firm P.A.
        3899 NW 7TH Street, 2nd Floor
        Miami, Florida 33126
        Phone: (305) 266-1150
        Fax: (305) 266-1151
        Email: amorgado@coronapa.com

               s/Sherril M. Colombo, Esq.
               Sherril M. Colombo, Esq.